**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-CR-20808-RAR**

**UNITED STATES OF AMERICA**

vs.

**ITALO WILIAN TIGUA MERCHAN,**

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR**
**SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)**

**THIS CAUSE** comes before the Court on Defendant Italo Wilian Tigua Merchan's *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 43]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 45], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

**BACKGROUND**

On November 9, 2017, a grand jury returned a two-count indictment charging Merchan, along with two other co-defendants, with conspiracy and possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, sections 70506(b) and 70503(a)(1) ("Indictment"), [ECF No. 6]. The charges arose from the interdiction of a go-fast vessel by the United States Coast Guard found to be transporting approximately 575 kilograms of cocaine—a vessel on which Merchan was a crew member. [ECF No. 27]. On January 10, 2018, the Court held a Change of Plea Hearing during which Merchan pleaded guilty to Count 1 of the Indictment, [ECF No. 26], and agreed to the facts set forth in an accompanying Factual Proffer, [ECF No. 27]. The Court

proceeded to sentence Merchan to the mandatory minimum sentence of 120 months in prison followed by ten years of supervised release. [ECF Nos. 28, 31].

Merchan now asks the Court to "apply a two-level reduction" to his sentence "pursuant to 18 U.S.C. § 3582(c)(2), and based on the unanimously-voted U.S. Sentencing Commission New Amendment 4C1.1 'Adjustment for Certain Zero-Points Offenders,' adjust [his] sentence to TIME SERVED." Mot. at 1. Merchan maintains he meets all of the criteria under Amendment 821 and warrants a reduction in sentence pursuant to 18 U.S.C. § 3553(a) due to his purported post-sentencing rehabilitation. Mot. at 2. In further support of his Motion, Merchan also cites the challenges associated with his incarceration during COVID-19, his housing at a "Medium-High Disciplinary prison even though [he] has always had Custody Points to be housed at a Low Level Facility," and his denial "of at least 9 month benefit of Residential Reentry Center" due to an immigration detainer lodged by ICE. *Id.* at 2 (errors in original).

## **LEGAL STANDARD**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission.

Page **2** of **7**

*See Dillon v. United States*, 560 U.S. 817, 825–26 (2010). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023). Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce defendant's sentence. *Id.*

The applicable Sentencing Commission Policy Statement provides that a court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Although Amendment 821 went into effect on November 1, 2023, the § 1B1.10 Policy Statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n.7. In other words, if a defendant is scheduled for release before February 1, 2024, he or she is not entitled to relief under Amendment 821. Critically, comment 1(A) of the Application Notes to U.S.S.G. § 1B1.10 further explains that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with the Policy Statement if an amendment that would otherwise apply "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)." U.S.S.G. § 1B1.10 cmt. n.1(A).

Even if a defendant is eligible for relief under § 3582(c)(2), the Court must still decide whether to exercise its discretion to reduce that defendant's sentence upon consideration of the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posted by a reduction in the defendant's term of

imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B). The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## **ANALYSIS**

Merchan seeks relief pursuant to Amendment 821—the recently added Sentencing Guidelines adjustment for certain zero-point offenders. A defendant is eligible for a two-level reduction in his offense level under Amendment 821 if he meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other

> > dangerous weapon (or induce another participant to do so) in connection with the offense;
> 
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> 
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> 
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* U.S.S.G. § 4C1.1.

The Court need not determine whether Merchan meets these criteria here because any reduction of his sentence pursuant to § 4C1.1 would be inconsistent with Amendment 821. Specifically, Merchan is ineligible for further reduction because his original sentence was a statutory mandatory minimum sentence of 120 months. *See* [ECF No. 21]. As noted above, Merchan pleaded guilty to Count 1 of the Indictment for conspiracy to possess with the intent to distribute a controlled substance that "consisted of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine," [ECF No. 26], and a violation of 46 U.S.C. § 70506(b), [ECF No. 31] at 1. And 21 U.S.C. § 960(b), which determines the penalties that apply when 46 U.S.C. § 70506(b) is violated, sets a 10-year minimum mandatory sentence where, as here, there is a conspiracy to possess with the intent to distribute a mixture or substance containing five kilograms or more of cocaine or its ingredients and derivatives. *See* 21 U.S.C. § 960(b)(1)(B). Indeed, both Merchan's guilty plea to Count 1, [ECF No. 26], and the Factual Proffer he signed as part of that plea, [ECF No. 27], establish there is no dispute that the amount of cocaine Merchan conspired to distribute exceeded 21 U.S.C. § 960(b)(1)(B)'s five-gram threshold. Accordingly, Merchan's ten-year (*i.e.*, 120-month) mandatory minimum sentence was validly imposed pursuant

to 21 U.S.C. § 960(b)(1)(B). And when a valid minimum mandatory sentence is imposed, as here, Application Note 1(A) to U.S.S.G. §1B1.1's Policy Statement is clear that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is inconsistent with the Policy Statement. *See* U.S.S.G. § 1B1.10 cmt. 1(A); *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

If the Court were to apply Amendment 821 to Merchan's guideline range, it would "not have the effect of lowering his applicable guideline range because of the operation of another guideline or statutory provision," U.S.S.G. § 1B1.10 cmt. 1(A), due to the operation of 21 U.S.C. § 960(b)(1)(B)'s 10-year mandatory minimum. Accordingly, pursuant to the pertinent Policy Statement and Application Notes, the Court cannot further reduce Merchan's term of imprisonment under Amendment 821. *See also United States v. Jackson*, 613 F.3d 1305, 1307 (11th Cir. 2010) (stating that "[a] district court may not ordinarily sentence a defendant to a term less than the statutory minimum, regardless of the defendant's advisory guidelines range" and holding that relief under the so-called "safety-valve is inapplicable to sentence-modification proceedings" under 18 U.S.C. § 3582(c)(2)).

In sum, because a reduction in Merchan's sentence would be inconsistent with Amendment 821's applicable Policy Statement, the Court need not consider the § 3553(a) factors.[1]

## **CONCLUSION**

---

[1] Even if Merchan were eligible for relief under Amendment 821, the Court notes that a reduction would not be warranted under § 3553(a). The nature and circumstances of the offense—namely, the transport of 575 kilograms of cocaine over hundreds of miles of open sea—demonstrates a high level of criminal intent, planning, and determination. Thus, a sentence of 10 years in this case appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Merchan's *Pro Se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 43], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of December, 2023.

                                        **RODOLFO A. RUIZ II**
                                        **UNITED STATES DISTRICT JUDGE**